**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CLAIRE ESPARROS,<br>Plaintiff,<br><br>v.<br><br>PARTS N SUPPLY, LLC,<br>Defendant, | Case No.: |

**COMPLAINT AND JURY DEMAND**

The plaintiff Claire Esparros ("Plaintiff"), by her undersigned attorney, R. Terry Parker, Esq., for her Complaint against the defendant Parts N Supply, LLC ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2. Plaintiff is a professional photographer residing in Brooklyn, New York.

3. Upon information and belief, Defendant is a limited liability company organized under the laws of New Jersey and doing business at 1078 Summit Avenue, Suite 714, Jersey City, New Jersey 07307.

**JURISDICTION AND VENUE**

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has

jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Plaintiff's Business

7. Plaintiff is a professional photographer who specializes in architectural photography.

8. Plaintiff is the sole author of the photographic work at issue in this litigation, a copy of which is depicted here ("Copyrighted Work"):



9. The copyrights in the Copyrighted Work have been registered with the United

States Copyright Office, Reg. No. VA 2-417-549 since September 2, 2024.

10. The Copyrighted Work is an original work of authorship.

11. Plaintiff is the owner of the copyrights in and to the Copyrighted Work—and has been at all relevant times.

**B. Defendant's Unlawful Activities**

12. Defendant is a specialized home improvement contractor that offers design consulting services as well as remodeling, contracting, and sourcing services.

13. Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, used in the creation of a derivative work, and publicly displayed, without Plaintiff's authorization at Defendant's website, a copy of the screenshots of which are depicted here:




14. Upon information and belief, Defendant needed engaging architectural photography to use to market and sell Defendant's goods and services. Defendant or someone acting on its behalf then located the Copyrighted Work on the Internet and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by

Defendant, and then used the Copyrighted Work in the creation of the website depicted above for the commercial purpose of selling its design consulting services as well as remodeling, contracting, and sourcing services, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

15. Defendant is directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work.

16. Defendant was using the Copyrighted Work to sell merchandise and is engaging in its own commercial conduct rather than merely storing user content.

17. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Work are without Plaintiff's authorization.

18. The infringing use by Defendant of the Copyrighted Work has harmed, and continues to harm, the potential market for or value of the Copyrighted Work by robbing Plaintiff of her exclusive right to license the Copyrighted Work for illustrative and other purposes.

19. Defendant's infringement as alleged herein was willful. Defendant is a sophisticated company that understands copyright law and the need to obtain a license to publish the copyrighted works of others. Defendant's infringement is willful in that Defendant is willfully blind to Plaintiff's exclusive copyrights. Defendant's infringement is willful in that Defendant acted in reckless disregard of the exclusive rights.

**CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

20. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

21. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

22. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

23. Upon information and belief, as a result of Plaintiff's licensing and public display of the Copyrighted Work to others, Defendant had access to the Copyrighted Work prior to the creation of Defendant's infringing website.

24. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, using in the creation of an unlawful derivative work, and publicly displaying the Copyrighted Work at the infringing website.

25. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

26. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

27. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from sale of goods and services in connection with the infringement of the Copyrighted Work promoting those goods and services, which amounts will be proven at trial.

28. In the alternative, and at Plaintiff's election, to the extent allowed by 17 U.S.C. § 412, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the

amount of $150,000 for each Copyrighted Work with respect to the infringing reproduction, distribution, use in derivative work, or public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

29. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**SECOND CLAIM FOR RELIEF**
**(Contributory Copyright Infringement)**

30. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

31. In the event Defendant contends that the infringing conduct described above was done by another entity to be identified later, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused, or materially contributed to the infringing conduct described above.

32. Defendant materially contributed to some or all of the infringements at issue in this litigation by providing the technology necessary for the infringement to occur.

33. By its actions, as alleged above, Defendant violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq*.

34. As a direct and proximate result of Defendant's contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

35. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall

be entitled to recover damages based on a disgorgement of Defendant's profits from the contributory infringement of the Copyrighted Work, which amounts will be proven at trial.

36. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the contributory infringement of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

37. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

38. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**THIRD CLAIM FOR RELIEF**
**(Vicarious Copyright Infringement)**

39. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

40. As an alternative theory to its infringement claims above, to the extent Defendant contends it did not directly or contributorily infringe Plaintiff's copyrights, and such direct and contributory infringement was caused by another, Defendant benefited from or stood to benefit from the infringement described above while declining to exercise an ability to stop it.

41. Defendant had the right or ability to control the infringement at its online platform.

42. Defendant had a financial interest in the reproduction, distribution, derivation, public display of the Copyrighted Work and the goods and services sold as result of its

promotional use of the Copyright Work and did financially benefit from or stood to benefit from the direct infringement by earning revenues and profits from the promotional use of the Copyrighted Work.

43. As a direct and proximate result of Defendant's vicarious infringement, Plaintiff is entitled to recover its actual damages resulting from Defendant' use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

44. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from the sale of goods and services in connection with its promotional use of the Copyrighted Work, which amounts will be proven at trial.

45. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the vicarious infringement of the Copyrighted Work and the sale of the Infringing Works by the Defendant, or such other amounts as may be proper under 17 U.S.C. § 504(c).

46. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 for the vicarious infringement of the Defendant.

47. Defendant's vicarious infringement has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiffs exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the

Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6. Awarding Plaintiff her costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 for each instance of copyright infringement;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 11, 2026

Respectfully submitted,

/s/ *R. Terry Parker*

R. Terry Parker, Esquire
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036-742
Telephone: (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*
*Claire Esparros*